MAY 15 2026 AM 11:55
FILED - USDC - BPT - C

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| John Hilaire, | ) | |
| | ) | |
| Petitioner/Plaintiff, | ) | Case No. |
| | ) | |
| VS. | ) | **FCRA 15 U.S.C. § 1681** |
| | ) | |
| NAVY FEDERAL CREDIT UNION | ) | |
| | ) | |
| Defendant | ) | |
| | ) | **TRIAL BY JURY DEMANDED** |

## I. INTRO

This is an action and claim for damages, declaratory and equitable relief, arising from the inaccurate, inconsistent, misleading, and disputed reporting of Plaintiff's consumer credit account information by Defendant Navy Federal Credit Union in violation of federal and state law.

Defendant furnished information concerning Plaintiff's account to one or more consumer reporting agencies, including derogatory account status and payment history information that Plaintiff disputes as inaccurate, incomplete, unverifiable, and/or materially misleading.

From the early stages of the account relationship, and prior to the reporting of significant delinquency information, Plaintiff directly notified Defendant of Plaintiff's objections and disputes concerning the furnishing and reporting of the account information,

including objections concerning the use and continued publication of Plaintiff's personal and financial information in connection with consumer reporting activities.

Despite receiving direct notice of Plaintiff's disputes and objections, Defendant continued furnishing and later verified disputed account information through consumer reporting agencies without providing adequate substantiation, clarification, or meaningful investigation concerning the disputed reporting.

Plaintiff further disputed the reporting through one or more consumer reporting agencies. Upon information and belief, those agencies notified Defendant of the disputes pursuant to the Fair Credit Reporting Act ("FCRA"), thereby triggering Defendant's statutory duties to conduct a reasonable investigation and review all relevant information provided in connection with the disputes.

Notwithstanding Plaintiff's disputes and objections, Defendant continued furnishing and verifying disputed tradeline information, including derogatory account information and payment history reporting that Plaintiff alleges was inaccurate, incomplete, inconsistent, unverifiable, and/or materially misleading.

In parallel, Defendant furnished information concerning Plaintiff's account to third parties, including consumer reporting agencies, while continuing to use and disseminate Plaintiff's personal and financial information after Plaintiff expressly disputed and objected to the reporting and requested clarification concerning the basis and authority for continued furnishing.

Plaintiff further alleges that Defendant failed to provide opt out disclosure notices required under the Gramm-Leach-Bliley Act ("GLBA"), implicating federal consumer financial privacy principles. Plaintiff alleges that such conduct forms the basis for claims arising under federal and state consumer protection laws, including the Fair Credit Reporting Act, the Truth in Lending Act, and the Connecticut Unfair Trade Practices Act.

## II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims arise under the laws of the United States of America.

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's related state law claims, which arise from the same transactions and occurrences and share a common nucleus of operative fact.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## III. PARTIES

4. Plaintiff John Hilaire is a customer, and consumer who entered into a credit account relationship with Defendant on or about May 03, 2023.

5. Defendant Navy Federal Credit Union ("Navy Federal" or "Defendant") is a federally chartered credit union, with its principal place of business located in Vienna, Virginia.

## IV. FACTUAL ALLEGATIONS

1.      Defendant Navy Federal Credit Union is a financial institution engaged in issuing and servicing consumer credit accounts.

2.      On or about May 16, 2023, Plaintiff opened a consumer credit account for an auto loan.

3.      Defendant furnished information concerning the account to one or more consumer reporting agencies, including account status, balance information, payment history, and delinquency information.

4.      Prior to the reporting of significant delinquency information, Plaintiff directly communicated to Defendant concerning the furnishing and reporting of the account information and objected to the continued publication of Plaintiff's personal and financial information in connection with consumer reporting activities.

5.      Defendant responded to Plaintiff's communications but continued furnishing information concerning the account to consumer reporting agencies.

6.      Thereafter, the account appeared on Plaintiff's consumer reports maintained by one or more consumer reporting agencies as a derogatory tradeline containing negative account information and delinquency reporting.

7.      The payment history associated with the tradeline reflected escalating delinquency statuses beginning at 60 days past due in August 2023, followed by 90 days past due in September 2023 and 120 days past due in October 2023, without reflecting an initial 30-day delinquency status.

8.      The tradeline further omitted reporting for November 2023 before reflecting a 150-days-past-due status in December 2023, thereby creating an incomplete, inaccurate, and/or materially misleading delinquency chronology.

9.     Plaintiff subsequently disputed the reporting of the account through one or more consumer reporting agencies, including disputes concerning the accuracy, completeness, verification, and reporting basis of the tradeline information.

10.    Upon information and belief, the consumer reporting agencies notified Defendant of Plaintiff's disputes pursuant to the Fair Credit Reporting Act.

11.    After receiving notice of the disputes, Defendant continued furnishing and/or verified information concerning the account to consumer reporting agencies.

12.    Plaintiff requested clarification and substantiation concerning the reporting of the account information, including the basis for the inaccurate reported information and the procedures used to verify the disputed reporting.

13.    Defendant did not provide Plaintiff with documentation or explanations substantiating the disputed reporting sufficient for Plaintiff to determine the basis for the continued inaccurate reporting and verification of the tradeline information.

14.    The disputed tradeline continued to appear on Plaintiff's consumer reports after Plaintiff's disputes and requests for clarification and verification.

15.    Defendant's account statements, payment demands, and account administration communications presented the account within the framework of a traditional bilateral creditor-debtor relationship between Plaintiff and Defendant.

16.    During the same general period, Defendant's public financial disclosures and annual reporting materials described consumer loans, credit card receivables, and related account assets as part of broader liquidity, collateral, and funding frameworks, including the pledging of loan assets in connection with institutional and Federal Reserve-related borrowing arrangements.

17.    Defendant did not provide Plaintiff with a written explanation describing how such practices affected the furnishing, maintenance, reporting, administration, or continued enforcement of the account information associated with Plaintiff's account.

18.    Plaintiff made payments on the account and relied upon Defendant's representations concerning the nature of the account relationship, the administration of the account, and the handling and reporting of account information.

19.    At no point prior to the events described herein did Defendant provide Plaintiff with notice explaining that account information and/or receivable interests associated with the account could be utilized, referenced, pledged, or incorporated within broader liquidity, collateral, or institutional funding practices beyond ordinary account administration and servicing.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq

20.    Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

21.    Defendant furnished information concerning Plaintiff's credit account to one or more consumer reporting agencies.

22.    The Fair Credit Reporting Act requires furnishers of information to provide accurate information and, upon notice of a dispute from a consumer reporting agency, to conduct a reasonable investigation, review all relevant information, and report accurate results.

23.    Plaintiff disputed the reporting of the auto loan credit account and requested clarification and documentation regarding the basis for the reported balances, account status, payment history, and Defendant's authority for the inaccurate reporting.

24.    Plaintiff also submitted disputes concerning the credit account to one or more consumer reporting agencies. Upon information and belief, those agencies notified Defendant of the disputes pursuant to 15 U.S.C. § 1681i(a)(2), thereby triggering Defendant's duties under 15 U.S.C. § 1681s-2(b).

25.    After receiving notice of the disputes, Defendant failed to conduct a reasonable investigation and failed to review all relevant information provided in connection with the disputes.

26.    Rather than providing a substantive response, Defendant failed to explain the reporting and continued to verify the credit account without producing supporting documentation.

27.    Defendant did not provide documentation establishing the basis for the continued reporting, including the reported balances, delinquency history, or account status.

28.    Notwithstanding Plaintiff's disputes, Defendant continued to furnish and verify information to consumer reporting agencies.

29.    The information furnished and verified by Defendant was inaccurate and/or materially misleading, including but not limited to the reporting of balances, payment history, delinquency progression, and account status in a manner that did not reflect a clear and substantiated basis and created a misleading impression of Plaintiff's obligations and creditworthiness.

30.    Upon information and belief, Defendant failed to modify, delete, or permanently block inaccurate or unverifiable information after its investigation.

31.    Defendant's conduct constitutes a failure to comply with its obligations under the Fair Credit Reporting Act, including 15 U.S.C. § 1681s-2(b). See *Sprague v. Salisbury Bank & Trust Co.* and *Longman v. Wachovia Bank, N.A.*

32.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered harm, including damage to creditworthiness, denial or loss of credit opportunities, increased cost of credit, higher down payment requirements, emotional distress, and other damages to be proven at trial.

33.    Defendant's violations were negligent and/or willful within the meaning of the Fair Credit Reporting Act.

## SECOND CLAIM FOR RELIEF
### (Violation of the Connecticut Unfair Trade Practices Act – Conn. Gen. Stat. § 42-110b et seq.)

34.    Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

35.    Defendant Navy Federal Credit Union is engaged in trade or commerce within the State of Connecticut, including the servicing, collection, administration, and reporting of consumer mortgage and credit accounts.

36.    Plaintiff is a consumer within the meaning of CUTPA and engaged in transactions for personal, family, or household purposes.

37.    In the course of its business, Defendant furnished and caused to be furnished information concerning Plaintiff's account(s) to one or more consumer reporting agencies.

38.    Plaintiff disputed the accuracy, completeness, and reporting of Defendant's tradeline information, including delinquency history, payment status, account balances, and related credit reporting.

39.    Despite receiving notice of disputes directly and/or through one or more consumer reporting agencies, Defendant failed to provide a meaningful explanation or substantiating documentation supporting the reported information.

40. Defendant continued to maintain and/or verify information concerning Plaintiff's account(s), including payment history and delinquency notations, without providing a clear and substantiated basis for such reporting.

41. Upon information and belief, Defendant reported Plaintiff's account history in a misleading and inconsistent manner, including reporting the account as 60 days past due in August 2023, followed by 90 days past due in September 2023 and 120 days past due in October 2023, without reflecting an initial 30-day delinquency status.

42. Defendant's conduct, as described herein, occurred in the course of trade or commerce and involved the servicing, administration, and reporting of consumer financial accounts.

43. Defendant's conduct constitutes unfair and deceptive acts or practices within the meaning of CUTPA, including but not limited to:

(a) furnishing inaccurate, incomplete, and/or materially misleading account information to consumer reporting agencies;

(b) reporting delinquency history in a misleading or inconsistent manner without reasonable explanation or substantiation;

(c) failing to conduct a reasonable review or investigation after receiving disputes concerning the reported information;

(d) continuing to verify and publish disputed information without providing documentation supporting the reported balances, payment history, or account status;

(e) failing to communicate material information necessary for Plaintiff to understand and challenge the reported tradeline data; and

(f) maintaining reporting practices that created a misleading impression of Plaintiff's creditworthiness and payment history.

44.    Defendant's conduct offends public policy as reflected in the Fair Credit Reporting Act and Connecticut consumer protection law requiring accuracy, transparency, and fair dealing in the furnishing and reporting of consumer financial information.

45.    Defendant's conduct was immoral, unethical, oppressive, or unscrupulous in that it subjected Plaintiff to continuing credit harm and uncertainty while Defendant persisted in reporting disputed information without adequate substantiation.

46.    Defendant's conduct caused substantial injury to Plaintiff that was not reasonably avoidable and not outweighed by countervailing benefits to consumers or competition.

47.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered ascertainable losses, including damage to credit reputation and creditworthiness, denial or loss of credit opportunities, increased borrowing costs, higher down payment requirements, out-of-pocket expenses, and other measurable economic harm.

48.    Plaintiff seeks all relief available under CUTPA, including actual damages, punitive damages, equitable relief, costs, attorneys' fees to the extent permitted by law, and such other relief as the Court deems just and proper.

## VI. <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury on all issues, causes of action, and claims for which a right to trial by jury exists under the Constitution and laws of the United States of America.

## VII. <u>RELIEF REQUESTED</u>

Wherefore, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant Navy Federal Credit Union, and grant the following relief:

1.    **Declaratory relief** pursuant to 28 U.S.C. § 2201, declaring the respective rights and obligations of the parties concerning the accuracy, completeness, investigation, and continued furnishing of the disputed tradeline information.

2.    **Statutory Damages** pursuant to 15 U.S.C. § 1681n for willful noncompliance with the Fair Credit Reporting Act;

3.    **Actual Damages** pursuant to 15 U.S.C. § 1681o and Conn. Gen. Stat. § 42-110g in an amount to be determined at trial for injuries suffered as a result of Defendant's conduct, which Plaintiff alleges are substantial and exceed $190,000.00, including damage to credit reputation, loss of credit opportunities, increased cost of credit, out-of-pocket expenses, and other economic and non-economic harm, as will be proven at trial.

4.    **Costs and reasonable attorneys' fees** pursuant to 15 U.S.C. § 1681n, 15 U.S.C. § 1681o, and Conn. Gen. Stat. § 42-110g(d).

5.    **Equitable and injunctive relief**, including but not limited to:

•    An order requiring Defendant to conduct a reasonable investigation and to correct or modify any information determined to be inaccurate, incomplete, or not supported by such investigation.

6.    **Punitive damages** as permitted under applicable law, including but not limited to 15 U.S.C. § 1681n and Conn. Gen. Stat. § 42-110g.

7.    Such other and further relief as the Court deems just, proper, and equitable.

## VIII. VERIFICATION

I, John Hilaire, the claimant in the above entitled action, declare under penalty of perjury under the laws of the United States of America that the foregoing Complaint against Navy Federal Credit Union is true, and that I will verify the same in open court.

Executed this 15th day of May, 2026.

By:_____

John Hilaire

85 Victory Avenue, Bridgeport, Connecticut 06606-3022-852

STATE OF: Connecticut                                    COUNTY OF: Fairfield

Subscribed and affirmed before me this __15__ day of ___May___, 2026, by John Hilaire, known to me (or satisfactorily proven) to be the man whose name is subscribed to the foregoing instrument.

_____

Notary Public                              My Commission Expires: _March 31, 2027_

SILVIA RODRIGUEZ
Notary Public
Connecticut
My Commission Expires Mar 31, 2027

## CERTIFICATION

I hereby certify that on this 15th day of May, 2026, I caused a true and correct copy of the foregoing Complaint, together with a Summons issued by the Clerk of Court, to be delivered to the United States Marshal for service upon the Defendants at the following address:

**Defendant:** Navy Federal Credit Union

**Defendants' Registered Agent Service Addresses in Connecticut:** Corporation Service Company, 225 Asylum Street, 20th Floor, Hartford, CT, 06103

Service will be affected by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3).

Respectfully submitted,

By:_____

John Hilaire